EDWARD J. RYAN *vs.* CARTER & MILESON.

JAMES RYAN, pro ami, *vs.* CARTER & MILESON.

Cumberland County. Decided October 7, 1926. These cases are presented upon motions by defendant corporation for new trials on the ground of newly-discovered evidence. The trial at nisi prius, the actions being tried together, began on October 22, 1925; the motion is dated November 24, 1925.

Upon examination of the testimony taken in support of the motion, in connection with the evidence presented at the trial, it is very evident that by the exercise of reasonable diligence the testimony now offered could have been discovered in season for use at the trial. For that reason, in accordance with well established practice, the motion must be overruled. *Woodis* v. *Jordan*, 62 Maine, 490, 495. *Cobb* v. *Cogswell*, 111 Maine, 336, 340. *Smith* v. *Booth Brothers*, 112 Maine, 297, 301.

The actions are based upon the alleged negligence of one Murray, who while driving defendant's truck struck and injured the minor plaintiff. The defendant denied that Murray was in its employ at

the time of the accident, and that he was negligent.   The witness, Bjorn, whose testimony is now offered, was employed in the garage where defendant kept its trucks, and continued there for about two months after the accident; he was acquainted with Murray, Carter, and Mileson, and was available at all time.   He was driving a short distance behind the truck when the boy was struck; Murray and a bystander picked up the boy, and put him into Bjorn's car; the latter took him to the hospital.   The accident happened about noon; during the afternoon of the same day Murray came to the garage and inquired of witness whether he saw how the accident happened, and was told that he did.   If defendant actually relied upon the defense of want of negligence by Murray, this evidence was at hand, and the most casual inquiry of Murray would have disclosed it.

Upon the question of damages, the amount fixed by the jury is so conservative, that we think Bjorn's testimony would not have affected the amount, and for that reason also should not be ground for granting a new trial.   Upon the whole case it is not apparent that injustice has been done.   *Woodis* v. *Jordan*, supra.   Motion overruled.   *Joseph E. F. Connolly and Harry C. Libby*, for plaintiffs. *Elton M. Thompson*, for defendant.